United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

DAUDA ILIYA,

Plaintiff,

v.

CITY OF NEWARK, et al.,

Defendants.

Case No. 24-cv-04047 (PHK)

**ORDER RE DISCOVERY LETTER BRIEF**

Re: Dkt. 89

All discovery matters in this case have been referred to the undersigned. [Dkts. 82; 83]. Now before the Court is a Joint Discovery Letter Brief filed by the Parties, which raises issues regarding the completion of fact discovery. [Dkt. 89]. The Court previously issued an Order requiring the Parties to meet and confer and then resubmit their discovery dispute in a manner that complies with the Court's Standing Order for Discovery. [Dkt. 84].

The Court held a Discovery Hearing on August 27, 2026. [Dkt. 96]. Counsel for Defendants appeared. Plaintiff, who is proceeding *pro se*, appeared in-person after having missed a previously set hearing. [Dkt. 95]. Having considered the Joint Letter Brief and argument of counsel at the hearing, the Court issues this Order memorializing its verbal directives from the August 27 hearing (which are hereby incorporated by reference).

**LEGAL STANDARD**

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion

extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The relevant legal standards for discovery are well-known. Rule 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the commonsense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating

the proportionality of a discovery request, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

With regard to proportionality, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (*citing Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Similarly, a district court's determination as to proportionality of discovery is within the district court's discretion. *See Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 737-38 (9th Cir. 2024) (finding district court did not abuse discretion on proportionality ruling). Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, No. 19-cv-05163 LHK

(NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020).

**DISCUSSION**

Oral argument regarding the Parties' Discovery Letter Brief [Dkt. 89] centered on three primary topics. At the hearing, the Parties, with the Court's guidance, reached agreement and resolution on each of these topics, as memorialized below.

**Plaintiff's Written Discovery Responses**

Defendants served one set of Request for Production, one set of Interrogatories, and one set of Requests for Admission (collectively, "Set One") on April 1, 2026, with responses due May 1, 2026. [Dkt. 89 at 1]. Plaintiff served written responses on July 14, 2026. [Dkt. 89 at 1].

Defendants request that the Court find that Plaintiff waived his objections by failing to timely serve written responses. [Dkt. 89 at 1-2]. Relatedly, Defendants request that the Court deem Defendants' Request for Admissions admitted due to Plaintiff's untimely responses, pursuant to Rule 36(a)(3). [Dkt. 89 at 2]. Defendants also request that Plaintiff be ordered to serve Responses to Defendants' second Requests for Production ("Set Two"). [Dkt. 89 at 2].

Plaintiff asks the Court to accept his Set One responses or permit any necessary supplementation, and requests that the Court set a reasonable extension of time for him to serve responses to the Set Two RFPs. [Dkt. 89 at 4]. He further asks the Court to decline to deem the Requests for Admission admitted or objections waived at this stage. [Dkt. 89 at 4].

As directed at the hearing, the Court **ORDERS** the following:

In the exercise of discretion, the Court **DENIES** Defendant's request to find that Plaintiff waived all objections by serving untimely responses to the Set One written discovery requests. In particular, the Court **DENIES** Defendant's request to deem the RFAs from Set One admitted and all objections to the RFAs waived. Defendants did not demonstrate prejudice from the late-served responses stemming solely from the timing of the responses. As noted, the Set One responses were served in July, well before the fact discovery cutoff. Plaintiff's *pro se* status does not relieve him of the requirement that he comply with the procedural and discovery rules. *See American Assoc. of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000). However, Rule 36 specifically affords the Court the authority to extend time to respond to RFAs. *See* Fed. R. Civ. P.

United States District Court
Northern District of California

36(a)(3) ("A shorter or longer time for responding may … be ordered by the court."). In light of all the circumstances and the Court's authority under Rule 36, the Court **DENIES** Defendants' request to deem the RFAs admitted and all objections waived.

In that regard, Defendants further seek the right to bring the Court any additional identified deficiencies in Plaintiff's untimely responses. [Dkt. 89 at 2]. As discussed at the hearing, no specific disputes as to the merits of any responses or objections are before the Court and this Order does not bar Defendants from raising such issues timely within the overall case schedule. However, at the hearing, Defendants asserted that most of Plaintiff's responses are nothing but boilerplate objections without any substantive responses to the interrogatories. Defendants also asserted that Plaintiff has failed to produce any documents in response to the RFPs.

Accordingly, Plaintiff is further **ORDERED** to serve supplemental responses to the Set One interrogatories **by no later than Monday, September 14, 2026.** If Plaintiff believes a specific prior interrogatory response already provided the requested information, Plaintiff is **ORDERED** to provide notice to Defendants in any such supplemental response that he believes the specific response is complete.

At the hearing, Plaintiff conceded that he has documents which he plans to produce in discovery but he provided no persuasive reasons why they have not been produced yet. Accordingly, Plaintiff is **ORDERED** to produce non-privileged documents responsive to the Set One RFPs by **no later than Friday, September 4, 2026**. If Plaintiff believes any documents should be withheld on the basis of the attorney-client privilege, he **SHALL** give notice of any such claims of privilege by serving a privilege log identifying the withheld documents. *See Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650-61 (N.D. Cal. 2010) (explaining that "[t]he requisite detail for inclusion in a privilege log consists of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and grounds thereof.") (quotation marks and citation omitted).

As noted, Plaintiff's responses to the Set Two RFPs are overdue. At the hearing, Plaintiff

appeared to be either unaware of the Set Two RFPs or was conflating them with the Set One RFPs. At the hearing, the Court directed counsel for the Defendants to send a courtesy copy of the Set Two RFPs to Plaintiff. The Court **ORDERS** Plaintiff to serve his responses to the Set Two RFPs **by no later than Friday, September 4, 2026.** Plaintiff is further **ORDERED** to collect and produce non-privileged documents responsive to the Set Two RFPs **by Friday, September 4, 2026**. As noted above, if Plaintiff believes that any requested documents are privileged, the documents can be withheld on the basis of privilege but Plaintiff must give Defendants notice of the withholding by serving a privilege log. To the extent Plaintiff withholds documents responsive to the Set Two RFPs on the basis of attorney-client privilege (or the work product doctrine), he is **ORDERED** to serve a privilege log as to such withheld documents **by September 28, 2026**. Nothing in this Order prevents the Parties from reaching a not uncommon agreement that documents created after the filing of the Complaint need not be logged.

As discussed at the hearing, the Court again provides **NOTICE** to Plaintiff that he is held to the same standards for meeting procedural and discovery deadlines as an attorney, and the Court will enforce the deadlines set herein. Failure to comply with Court-set deadlines and this Court's Orders may result in appropriate sanctions.

**<u>Continued Deposition of Plaintiff</u>**

Next, Plaintiff has agreed to sit for a further deposition "limited to the portions of his April 15, 2026 testimony identified in Dkt. No. 80 and its exhibits that Defendants contend were inadequately answered or subject to improper objections," but the Parties disagree as to the format. [Dkt. 89 at 2]. "Defendants request an in-person deposition at the San Francisco Courthouse with the Court available to resolve disputes in real time and minimize further motion practice." [Dkt. 89 at 2]. Plaintiff requests to be deposed via videoconference with the Court available remotely. [Dkt. 89 at 2].

At oral argument, Plaintiff dropped his objection to the deposition taking place at the courthouse. Further, the Court overruled Plaintiff's objection to his deposition being recorded by audio-visual means, assuming Defendants' deposition notice states that that will be the method for recording along with stenographic means. To the extent Plaintiff reasonably believes his testimony

is confidential under the Protective Order, he may designate the deposition or portions of the deposition as confidential under the Protective Order.

Accordingly, the Court **ORDERS** that Plaintiff's further deposition go forward in-person at the San Francisco Courthouse at a mutually agreed-upon date and time. The Parties are **ORDERED** to meet and confer to discuss and identify three alternate dates for the deposition and to submit the proposed dates and times to Judge Kang's Courtroom Deputy via email at PHKCRD@cand.uscourts.gov.

As Defendants represented in briefing and at the hearing, Defendants **SHALL** limit Plaintiff's further deposition to cover only the issues, topics, and exhibits identified in Dkt. 80 which were inadequately answered or previously subject to improper objections at Plaintiff's previous deposition. The deposition **SHALL** be limited to five hours on the record. Defendants may file a motion seeking leave for more deposition time, assuming they properly meet and confer and have a good faith basis to request additional time. During the deposition, the Court will be available by phone if disputes arise as set forth in the Standing Discovery Order.

The Parties are **ORDERED** to review and comply with the Court's Standing Discovery Order prior to the deposition, particularly Section D regarding depositions. As noted at the hearing, the Court's Standing Discovery Order (and Fed. R. Civ. P. 30) only allow instructions not to answer on three grounds. Per the undersigned's Standing Discovery Order, "[c]ounsel may not instruct a deponent not to answer a question except when necessary to preserve a privilege, to enforce a limitation directed by the Court, or to present a motion under Fed. R. Civ. P. 30(d)(3)." *See* Standing Order for Discovery, Section D. The Court admonished Plaintiff at the hearing that he may not refuse to answer a question unless one of the grounds for refusal is asserted, and merely having an objection (for example as to relevance or the form of the question) is not a proper basis to refuse to answer. An objection shall be stated succinctly but the question must still be answered subject to the objection.

**<u>Defendants' Request for Expenses</u>**

Defendants seek to reserve their request for reasonable expenses "should motion practice to compel become necessary." [Dkt. 89 at 2]. The Court **DENIES** the request for sanctions under

Rule 37 as premature and withdrawn based on Defendants' statements in the Discovery Letter Brief. *See* Dkt. 89.

**Related Issues Addressed at the Meet and Confer**

The Parties further identified issues brought up at their most recent meet and confer that bear on the completion of fact discovery. [Dkt. 89 at 2-4]. Defendants oppose Plaintiff's request to re-depose Officer Losier and Sergeant Higbee. [Dkt. 89 at 2]. As stated in the Discovery Letter Brief and at the hearing, however, Defendants do not oppose scheduling depositions of officers who have not yet been deposed.

Accordingly, the Parties are **ORDERED** to work collaboratively to schedule the agreed upon depositions of the officers not yet deposed. Plaintiff is **ORDERED** to send Defendants the names of the officers he wants to depose **by Friday, August 28, 2026**. The Parties are **ORDERED** to submit a Joint Status Report regarding the scheduling of the remaining depositions **by Friday, September 4, 2026.** The Court expects the Parties to communicate and cooperate in an attempt to work logistical and scheduling issues out without Court intervention.

Any further deposition as to Officer Losier or Sergeant Higbee is **DENIED** based on Plaintiff's withdrawal of that request in the Discovery Letter Brief. *See* Dkt. 89. In light of the argument at the hearing, Plaintiff is reminded that, provided he first meets and confers with Defendants on the issue, he can file a motion to seek leave to take the further deposition of either witness if relevant and applicable information is produced at a later date that he believes in good faith would warrant the reopening of their depositions.

Finally, Plaintiff seeks supplemental discovery of "body-worn camera and CAD/dispatch materials and associated metadata, audit trails, and export/redaction/retention logs." [Dkt. 89 at 3]. Defendants represent that they have already produced all responsive materials in the City's possession. [Dkt. 89 at 3].

Defendants are **ORDERED** to serve supplemental responses to Plaintiff's RFPs **by Monday, September 14, 2026** which formally state (and thus certify under Rule 26) what is attested to in the Discovery Letter Brief; specifically, that Defendants have produced all responsive materials in the City's possession, that nothing produced has been altered, and that the previously produced

United States District Court
Northern District of California

body worn camera and CAD/911 files are the only such files that exist. If Plaintiff still believes a response is inadequate, he must meet and confer with Defendants to see if they will supplement or clarify a specific response. The Parties are once again reminded to comply with the rules and guidance for dispute resolution under the Court's Standing Discovery Order.

**CONCLUSION**

For all the reasons discussed herein, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the various requests for relief raised in the Parties' Discovery Letter Brief.

This Order **RESOLVES** Dkts. 80 and 89.

**IT IS SO ORDERED.**

Dated: September 1, 2026

PETER H. KANG
United States Magistrate Judge